**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:
Frozen Wheels, LLC and                                    Chapter 7
B"H Frozen Wheels, LLC,                                    Case No. 22-18638-LMI
                                                          (Substantively Consolidated)

      Debtor.

_____/

Maria M. Yip, Trustee                                     Advs. Case No.: 24-01482-LMI
      Plaintiff,

Enrique Sebastian Tettamanti aka Sebastian
Tettanmanti,
      Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFESNSES TO PLAINTIFF'S COMPLAINT

Defendant, Enrique Sebastian Tettamanti aka Sebastian Tettanmanti ("Defendant") by and through undersigned counsel, files this Answer and Affirmative Defenses to the Plaintiff's or Trustee's Complaint, and in states as follows:

## BACKGROUND, JURISDICTION AND VENUE

1. The Defendant admits the voluntary petitions speak for themselves; the Defendant denies all other allegations contained in paragraph 1 of the Complaint.

2. The Defendant is without knowledge of all the allegations contained in paragraph 2 of the Complaint, therefore such allegations are denied.

3. The Defendant is without knowledge of all the allegations contained in paragraph 3 of the Complaint, therefore such allegations are denied.

4. The Defendant admits to the allegations contained in paragraph 4 of the Complaint.

5. The Defendant admits to the allegations contained in paragraph 5 of the Complaint.

1

6.  The Defendant admits to the allegations contained in paragraph 6 of the Complaint.

7.  The Defendant admits to the allegations contained in paragraph 7 of the Complaint.

8.  The Defendant is without knowledge of all the allegations contained in paragraph 8 of the Complaint, therefore such allegations are denied.

## DEBTOR AND PARTIES

9.  The Defendant is without knowledge of all the allegations contained in paragraph 9 of the Complaint, therefore such allegations are denied.

10. The Defendant is without knowledge of all the allegations contained in paragraph 10 of the Complaint, therefore such allegations are denied.

11. The Defendant is without knowledge of all the allegations contained in paragraph 11 of the Complaint, therefore such allegations are denied.

12. The Defendant is without knowledge of all the allegations contained in paragraph 12 of the Complaint, therefore such allegations are denied.

13. The Defendant is without knowledge of all the allegations contained in paragraph 13 of the Complaint, therefore such allegations are denied.

14. The Defendant admits to the allegations contained in paragraph 14 of the Complaint.

15. The Defendant admits to the allegations contained in paragraph 15 of the Complaint.

## THE DEBTOR MADE TRANSFERS TO THE DEFENDANT; NO REASONABLY EQUIVALENT VALUE IN EXCHANGE

16. The Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. The Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. The Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. The Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. The Defendant denies the allegations contained in paragraph 20 of the Complaint.

## COUNT 1
### (AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS
### AGAINST THE DEFENDANT PURSUANT TO 11 U.S.C. § 548(A)(1)(B) AND 11 U.S.C. § 550(A))

21. The Defendant restates and reincorporates its answers set forth in paragraphs 1 through 20.

22. The Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. The Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. The Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. The Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. The Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The Defendant denies the allegations contained in paragraph 28 of the Complaint.

## COUNT 2
### (AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS
### AGAINST THE DEFENDANT PURSUANT TO 11 U.S.C. § 544,
### FLA STAT. § 726.105(1)(B) AND § 726.108, AND 11 U.S.C. § 550(A))

29. The Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. The Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. The Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. The Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. The Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. The Defendant is without knowledge of all the allegations contained in paragraph 34 of the Complaint, therefore such allegations are denied.

35. The Defendant is without knowledge of all the allegations contained in paragraph 35 of the Complaint, therefore such allegations are denied.

**COUNT 3**
**(AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS**
**AGAINST THE DEFENDANT PURSUANT TO 11 U.S.C. § 544,**
**FLA STAT. § 726.106(1) AND § 726.108, AND 11 U.S.C. § 550(A))**

36. The Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. The Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. The Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. The Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. The Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The Defendant is without knowledge of all the allegations contained in paragraph 41 of the Complaint, therefore such allegations are denied.

**COUNT 4**
**(AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS**
**AGAINST THE DEFENDANT PURSUANT TO 11 U.S.C. § 548(A)(1)(A) AND 11 U.S.C. § 550(A))**

42. The Defendant restates and reincorporates its answers set forth in paragraphs 1 through 20.

43. The Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. The Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. The Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. The Defendant is without knowledge of all the allegations contained in paragraph 46 of the Complaint, therefore such allegations are denied.

47. The Defendant is without knowledge of all the allegations contained in paragraph 47 of the Complaint, therefore such allegations are denied.

48. The Defendant is without knowledge of all the allegations contained in paragraph 48 of the Complaint, therefore such allegations are denied.

49. The Defendant is without knowledge of all the allegations contained in paragraph 49 of the Complaint, therefore such allegations are denied.

50. The Defendant is without knowledge of all the allegations contained in paragraph 50 of the Complaint, therefore such allegations are denied.

51. The Defendant is without knowledge of all the allegations contained in paragraph 51 of the Complaint, therefore such allegations are denied.

52. The Defendant is without knowledge of all the allegations contained in paragraph 52 of the Complaint, therefore such allegations are denied.

## COUNT 5
### (AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSFERS AGAINST THE DEFENDANT PURSUANT TO 11 U.S.C. § 544, FLA STAT. § 726.105(1)(A) AND § 726.108, AND 11 U.S.C. § 550(A))

53. The Defendant restates and reincorporates its answers set forth in paragraphs 1 through 20.

54. The Defendant is without knowledge of all the allegations contained in paragraph 54 of the Complaint, therefore such allegations are denied.

55. The Defendant is without knowledge of all the allegations contained in paragraph 55 of the Complaint, therefore such allegations are denied.

56. The Defendant is without knowledge of all the allegations contained in paragraph 56 of the Complaint, therefore such allegations are denied.

57. The Defendant is without knowledge of all the allegations contained in paragraph 57 of the Complaint, therefore such allegations are denied.

58. The Defendant is without knowledge of all the allegations contained in paragraph 58 of the Complaint, therefore such allegations are denied.

59. The Defendant is without knowledge of all the allegations contained in paragraph 59 of the Complaint, therefore such allegations are denied.

60. The Defendant is without knowledge of all the allegations contained in paragraph 60 of the Complaint, therefore such allegations are denied.

61. The Defendant is without knowledge of all the allegations contained in paragraph 61 of the Complaint, therefore such allegations are denied.

62. The Defendant is without knowledge of all the allegations contained in paragraph 62 of the Complaint, therefore such allegations are denied.

The Defendant is without knowledge of all the allegations contained in paragraph 63 of the Complaint, therefore such allegations are denied.

### AFFIRMATIVE DEFENSES

As for its Affirmative Defenses to Plaintiff's Complaint, each Defendant would show this Court the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a prima facie case for recovery under 11 U.S.C. §§ 544, 548 or 550; Fla. Stat. §§ 726.105, 726.106, 726.108 or 726.109; or any other statutory or common law authority, and by this failure has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent a Defendant received any of the transfers alleged in the Complaint (the "Transfers"), Defendant provided reasonably equivalent (if not full, dollar-for-dollar – and in many cases received more value than it provided to Defendant) value in exchange for such Transfers, through, among other ways debt relief. See, e.g., 11 U.S.C. §§ 548(a)(1)(B)(i)

### THIRD AFFIRMATIVE DEFENSE

To the extent that Defendant received any of the Transfers, Defendant did so in good faith, and provided reasonably equivalent value and/or extinguished an antecedent debt on a dollar-for dollar basis in exchange therefor. See, e.g., 11 U.S.C. §§ 548(c) and 548(d)(2)(A).

6

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Defendant received any of the Transfers and was not the initial transferee, Plaintiff cannot recover from Defendant because Defendant took the transfers for value (the satisfaction of a debt), in good faith, and without knowledge of the purported voidability of the Transfers. See, e.g., 11 U.S.C. § 550(b)(1).

## FIFTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for recovery of transfers fails to the extent that such claim is time barred by the applicable statute of limitation, and/or to the extent that such claim exceeds the clawback period for avoidance and recovery of such transfers provided under applicable law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims in this proceeding are barred by set off to the extent the Debtor receive funds from the Defendant via money initially loaned to Halwani or a related entity as the Debtor ignored corporate separateness and/or engaged in activities for which veil piercing and reverse veil piercing is appropriate.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims in this proceeding are barred by the doctrine of unclean hands based on, among other things, the Debtors represented to shareholders and the general public and that Defendant was providing services to GP in an attempt to, among other things, increase their stock price and attract capital.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent any services were provided to Debtor it received reasonably equivalent value either directly or as an indirect beneficiary.

## NINTH AFFIRMATIVE DEFENSE

To the extent Debtors received funds directly or indirectly the transfers should be set off against such amounts owed.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any affirmative defense available applicable law as may be discovered during the course of additional discovery and investigation.

WHEREFORE Defendant, Enrique Sebastian Tettamanti aka Sebastian Tettanmanti, requests that this Court enter judgment in its favor, award attorney's fees and costs to Defendant, and grant such other and further relief as this Court deems just.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 24th day of January, 2025, I electronically filed this

document with the Clerk of Court using CM/ECF.  I also certify that the document is being served

this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing

generated by CM/ECF.

Respectfully submitted,

**BEIGHLEY, MYRICK,**
**UDELL, LYNNE & ZEICHMAN, PA**
*Attorneys for Defendant*
2385 Executive Center Drive, Suite 250
Boca Raton, FL 33431
Phone: 561-549-9036
Fax: 561-491-5509
tzeichman@bmulaw.com
By:     /s/ Thomas G. Zeichman
          THOMAS G. ZEICHMAN
          Florida Bar No. 99239